UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN STEVEN BRAISTED,              )<br>                                                                )<br>     Plaintiff,                                  )<br>                                                                )<br>v.                                                             ) Civil No. 8-328-B-W<br>                                                                )<br>ALFRED CICHON, et al.,                )<br>                                                                )<br>     Defendants.                          ) | |

## ORDER ON MOTION FOR AN OPINION
## OF MEDICAL CARE

Brian Braisted, an inmate at the Penobscot County Jail, has filed a motion requesting that this court order that he be transported to an outside medical provider for further evaluation and treatment of a foot related problem. (Doc. No. 34.) Last October Braisted filed a similar request regarding the same foot condition. (Doc. No. 7.) Braisted filed the present action on September 26, 2008, complaining that an infected blister on his left toe had been improperly treated by Physician's Assistant Alfred Cichon, that the condition had worsened, and that Cichon had deliberately denied any further treatment to Braisted saying that he would not waste tax dollars on him. On November 19, 2008, Braisted amended his complaint to add as a defendant Alexander Brazalovich, Cichon's purported supervisor, and to increase his damage request because of ongoing and increasing pain and suffering.

Braisted filed the current motion on January 14, 2009, complaining of a continuing worsening of his condition and again requesting the court to order the 'defendants' to send him for an outside opinion regarding his course of treatment. Attached to the motion are many exhibits which reveal that Braisted filed numerous grievances with the Penobscot County Jail concerning his medical treatment from July through September 2008. Cichon has responded to

the motion, correctly noting that it is legally in the nature of a motion for preliminary injunctive relief (see Doc. No. 41) and that Braisted has not come close to complying with the procedural or substantive rules for obtaining injunctive relief.  Braisted's goal may be either (or both) of the following:  (1) to obtain a second medical opinion that would assist with his legal case; and/or (2) to obtain treatment for a seriously worsening medical condition.

To the extent that Braisted wants me to order these defendants to provide him with a second medical opinion as a discovery tool to aid him in the presentation of his case, the motion is denied.  Even if Braisted had a court appointed attorney representing him in this civil case, there are no funds available to this court to hire an outside expert medical witness to counter the defendants' medical expert(s).  And Braisted does not cite any authority, nor do I know of any case, that would support the proposition that the defendants should be made to bankroll Braisted's lawsuit against them by paying for expert medical witnesses on his behalf.

To the extent Braisted is complaining that he has a serious medical condition that is *currently* not receiving medical attention at the Penobscot County Jail he has failed to set forth any factual basis for me to order other individuals, not parties to this action, to provide any change in his ongoing treatment (or lack thereof).  Because Braisted has sued Cichon, his medical care at the Penobscot County Jail must have been taken over by others on the staff.  I have no reason to recommend to the court that injunctive relief be entered against these unidentified individuals at the Penobscot County Jail nor do I have any reason to believe, based on the filings made to date, that Braisted has a serious medical condition that could result in death or serious permanent injury if not immediately treated in some fashion.[1]

---

[1] As the defendants are well aware, they must provide Braisted with "'the minimal civilized measure of life necessities,'" Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)), and the denial of necessary medical care can arise to the level of an Eighth Amendment violation, see generally Farmer v. Brennan, 511 U.S. 825 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). However, inmates do not have a

The "motion to order medical care/opinion" (Doc. No. 34) is denied.

### CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

February 24, 2009                              /s/ Margaret J. Kravchuk
                                                      U.S. Magistrate Judge

---

right to limitless doctor visits or their choice of medications, and negligence and medical malpractice are not actionable. Daniels v. Williams, 474 U.S. 327 (1986) (noting that 42 U.S.C. § 1983 provides a right of action for civil rights violations and cannot be used to sue correctional officials for negligence).