UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRIAN STEVEN BRAISTED, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil No. 8-328-B-W ) |
| ALFRED CICHON, et al., | ) ) ) |
|     Defendants. | ) |

**RECOMMENDED DECISION ON MOTION FOR JUDGMENT ON THE PLEADINGS**

Brian Braisted brought this civil action complaining of the medical care he received with respect to a persistent foot problem at the Penobscot County Jail. (Doc. Nos. 1 & 17.) Earlier in this proceeding Alfred Cichon, the only other named defendants in this action, moved for summary judgment. Braisted did not file a response and I concluded, based on the undisputed facts material to Braisted's claim, that Cichon was entitled to judgment as a matter of law. See Braisted v. Cichon, Civ. No. 08-328-B-W, 2009 WL 1133457 (D. Me. Mar. 24, 2009) (recommended Decision), adopted, 2009 WL 1133457 (D. Me. Apr. 27, 2009).

With respect to that motion my conclusion was:

> Although there is clearly a disagreement about his care as punctuated by the prosecution of this suit-- and even if there were some question of negligence -- Cichon's response to Braisted's medical complaint does not fall within the "narrow band of conduct" that gives rise to a sustainable Eighth Amendment deliberate indifference to medical needs claim. The factual record set forth above, that Braisted has failed to contest, tells a story of frequent medical attention, repeated attempts to treat the condition, and a reasonable exercise of professional judgment.

2009 WL 1133457 at 6.

Now, the remaining defendant, Alexander Brazalovich has moved for judgment on the pleadings and asks this court to rely on the Cichon summary judgment decision as part of his dispositive pleading. His theory is that that judgment, which found in favor of Cichon, absolves Brazalovich of liability as Cichon's supervisor as a supervisor can only be held liable if there is an underlying constitutional violation by a state actor who he or she supervised.[1]

Federal Rule of Civil Procedure of 12(c)'s reach – to the extent that it allows consideration of pleadings beyond the complaint itself – does not extend to a distinct party's motion for summary judgment and the accompanying statement of facts.  Motions for judgment on the pleadings are ordinarily accorded the same treatment as motions to dismiss.  Aponte-Torres v. Univ. of P. R., 445 F.3d 50, 54 (1st Cir. 2006) (citing Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir.1998); Lanigan v. Vill. of E. Hazel Crest, 110 F.3d 467, 470 n. 2 (7th Cir.1997))  "There is, of course, a modest difference between Rule 12(c) and Rule 12(b)(6) motions. A Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole."  Id. at 55 (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed.2004)); see also Cruz v. Puerto Rico, 558 F.Supp.2d 165, 178 (D.P.R. 2007).  There is a significant difference between consideration of an answer to a complaint filed by the party seeking judgment on the pleadings and the discovery-seeped, record-related to-and-fro of the plaintiff and a different defendant in a proceeding.

However, although I think that Brazalovich overreaches in his 12(c) argument, Braisted has not filed a response to the pending motion for judgment on the pleadings.  District of Maine Local Rule 7(b) provides: "Unless within twenty-one (21) days after the filing of a motion the

---

[1] While I am not disputing the soundness of this general legal proposition, I do have misgivings about the procedural mechanism by which Brazalovich asks the court to grant him judgment on the pleadings.  The case is simply not properly postured for a ruling on the merits.

2

opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection."

The waiver determination apropos a Civil Rule of Procedure 12(c) motion and this district's Local Rule 7(b) was addressed by the First Circuit in NEPSK, Inc. v. Town of Houlton, 283 F.3d 1 (1st Cir. 2002). The Panel reasoned:

> Given Rule 12(c)'s silence on the subject, we cannot conclude that the district court's strict enforcement of Local Rule 7(b) creates an impermissible conflict with federal Rule 12(c). As the district court put it, "[t]here is simply no reason contained in [Rule 12(c) ] or its intendment to prevent an otherwise appropriate and enforceable rule of default, i.e. Local Rule 7(b), from operating on a motion under Rule 12(c) without consideration by the court of its merits." Accord Tobel, 94 F.3d at 362- 63 (affirming grant of motion for judgment on the pleadings based on opposing party's failure to respond as required by local rule); Ghazali, 46 F.3d at 54 (reasoning that standards governing summary judgment motions do not apply to motions to dismiss, and holding that district court did not abuse its discretion in granting motion to dismiss for noncompliance with a local rule specifying requirements for response). We agree, and hold that the district court did not abuse its discretion in insisting on compliance with its local rule ....

Id. at 9.

With regards to this exercise of discretion, I also do note that Braisted, who is the captain of this civil action as the instigating plaintiff, not only failed to respond to the motion for judgment on the pleadings he did not respond to the motion for summary judgment filed by Cichon. I recognize the difficulty of prosecuting civil actions when the plaintiff is proceeding pro se and is incarcerated. However, the defendants in this action have a right to a fair and efficient adjudication of suits filed against them. Braisted had ample time to respond to this Rule 12(c) motion (not to mention the motion for summary judgment filed by Cichon).

Taking all the preceding reflections into consideration, I recommend that the Court grant Alexander Brazalovich's motion for judgment on the pleadings because Braisted has waived

objection. If the Court adopts this recommendation, Brazalovich's pending motion for the issuance of a new scheduling order (Doc. No. 54) would be moot.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.
>
> Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 21, 2009.                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge